UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CHRISTOPHER HARRIS, II,

        Plaintiff,                      Case No. 16-10778-BC

v                                           Honorable Thomas L. Ludington

ANTHONY WICKERSHAM,        Magistrate Judge Patricia T. Morris

        Defendant.

_____/

**ORDER SUSTAINING IN PART AND OVERRULING IN PART OBJECTIONS, ADOPTING IN PART AND REJECTING IN PART REPORT AND RECOMMENDATION, GRANTING IN PART AND DENYING IN PART MOTIONS TO AMEND, DENYING MOTIONS FOR PRELIMINARY INJUNCTIVE RELIEF, AND DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT**

Plaintiff Christopher Harris II is a state court prisoner in the custody of the Macomb County Jail serving a term of post-conviction confinement. *See* ECF No. 21. Harris filed his pro se civil rights complaint on March 1, 2016 alleging that Defendant Anthony Wickersham, the Macomb County Sherriff, violated his rights to due process under the Fourteenth Amendment and his right to be free from cruel and unusual punishment under the Eighth Amendment by limiting his access to the law library and to legal materials. *See* Compl., ECF No. 1. Defendant Wickersham moved to dismiss Plaintiff's complaint on March 31, 2016 for failure to state a claim. *See* Mot. to Dismiss, ECF No. 10. Plaintiff Harris filed a motion to substitute Michelle Sandborn, the Macomb County Jail Operation Administrator in the place of Defendant Wickersham, two motions to amend his complaint to add new parties, and four motions for injunctive relief.

On July 29, 2016 Magistrate Judge Patricia T. Morris issued her report and recommendation. *See* Rep. & Rec., ECF No. 25. Harris then timely filed objections on August 11, 2016. ECF No. 26. For the reasons stated below, Harris's objections will be sustained in part and overruled in part, and the report and recommendation will be adopted in part and rejected in part.

**I.**

In his complaint Plaintiff states only conclusory allegations that he was denied access to legal materials, and no allegations regarding Defendant Wickersham's role in that denial. *See* Compl. Defendant Wickersham therefore moved to dismiss the complaint, citing *Rizzo v. Goode,* 423 U.S. 362, 371 (1976) for the proposition that a plaintiff cannot establish the liability of any defendant absent a clear showing that the defendant was personally involved in the activities which formed the basis of the alleged unconstitutional behavior. *See* Mot. Dismiss 10-11. Because Plaintiff had not alleged that Wickersham himself deprived Plaintiff access to legal materials or that Wickersham authorized, approved, or knowingly acquiesced in the denial, Defendant argued that dismissal was appropriate.

Instead of responding to the motion to dismiss, Harris moved to terminate his claim against Defendant Wickersham, and to substitute Operations Administrator Sanborn in his place. *See* Motion to Substitute, ECF No. 14. In his motion, Harris explains that he had just discovered the existence of A.O. Sanborn. *Id.* Still, Harris provided no specific factual allegations as to how Ms. Sanborn, or any other jail policymaker, officer, or employee, deprived him of legal materials.

Shortly thereafter, Harris filed a motion to amend his complaint to add claims against numerous employees of the Macomb County Sheriff's Department and Macomb County Jail. *See*

Motion to Amend I, ECF No. 15.  In his first motion to amend Harris seeks to again add A.O. Sanborn, as well as Lieutenant Larry Duda, Sergeant Schulte, Sargent John Glass, Officer Compau, Officer Ajini, Officer Depuis, Officer Lerwick, and various unnamed officers as parties. *Id*. He alleges that the proposed defendants were uncooperative with his attempts to discover facts about the administrative structure of the jail and sheriff's department. *Id*.  As part of his first motion to amend, he again sought to remove Defendant Wickersham from the action.

Harris next filed four motions for injunctive relief.  *See* ECF Nos. 16-18, 23.  In his first motion for injunctive relief, Harris seeks immediate removal from the Macomb County Jail based on

> the repetitive practices of cruel indignities, retaliatory actions of authoritative abuses, departmental misconducts, harassments, antagonisms, medical negligence, physically threatening, intimidative [sic] practices, racial intolerances [sic], malicious and sadistic sanctions, disciplines and punishments, departmental terrorism, deliberate indifference to religious intolerances [sic] as perpetrated by officers and administrators of the Macomb County Sheriff's department, Macomb County Jail, [?], due to the historically deficient quality of life practices and suspicious and mysterious casualty [sic] and injuries, sustained by inmates in the Macomb County Jail . . . .

*See* Mot. for Injunction, ECF No. 16.  Harris again pleads no specific facts or specific instances in support of these conclusory allegations.   *Id*.

His three additional motions for injunctive relief are apparently based on an incident that took place on May 3, 2016.  The incident is explained by Harris in his second motion to amend, filed on June 29, 2016. *See* Motion to Amend II p. 77, ECF No. 18. Harris alleges that he was assaulted by numerous deputies while handcuffed. He describes the event as follows:

> Officer Zaliwski called me to yell out that I shut the fuck up and be a good boy after only asking why we have not been able to go to the law library. So I reported him to his superiors and on May 3rd 2016 during the afternoon shift I was written up for having a crutch which had a screw with a point I was handcuffed behind my back taken into the elevator and when I'd been brought into booking holding Cell 9[,] I was beaten bloody[,] kicked and punched about my face head and body

> by multiple "white" deputies. Most of whom I'd written grievance letters on whom [sic] beat and kick [sic] and punched me as I lay face down on my stomach handcuffed at my back all while being tazered [sic] multiple times by Sergeant Stanley and being called a stupid motherfucking nigger.

*See* Motion to Amend II p. 2. He alleges that Deputies Zaliwsky, Medlow, Yanszhke, Cooney, Montgomery, Madaj, Duda, and Sergeant Stanley were personally involved in the assault. *Id*. at 8. Based on this event, Harris seeks to amend his complaint to add § 1983 claims of excessive force in violation of the Eighth Amendment against A.O. Sanborn Lieutenant Duda, Sergeant Schulte, Sergeant Glass, Sergeant Stanley and Deputies Compau, Ajini, Depuis, Lerwick, Masoya, Zaliwski, Cooney, Marszhke, Mada, Duda, Medlow, Montgomery, and Ivanovich [sic?]. He alleges that the assault was the result of poor deputy training and a regular practice of violence against black inmates. Harris further alleged that Wickersham had prior knowledge of the threat to him and took part in attempting to cover up the assault after the fact.

Attached to his second motion to amend Harris has provided an affidavit that provides additional facts concerning his claim that he was denied access to legal materials. Specifically, he alleges that Deputies Masoya, Zaliwski, Medlow, and Wheeby denied him access to the law library. *Id*. at 6-7. In the affidavit, he also discusses a religious discrimination claim that he has raised in a separate action, *Harris v. Malek*, Case No. 16-cv-10755 (March 1, 2016).

As noted above, Harris also seeks injunctive relief based on the alleged assault. He seeks the creation of a police report and filing of criminal charges against those involved in the May 3 incident, the dissolution of his sentence or placement in "relocative protective custody," *see* ECF NO. 17, intercessory relief, "removal from [Macomb County Jail] to be placed in an [sic] safer environment," *see* ECF No. 18, transfer to "the federal authority of the state of Michigan," and "[a] full investigation by federal authorities into the patterns of practices, the deliberate indifferences all conducts and behaviors of all employee members of the Macomb County

Sheriff's Department/Macomb County Jail to include the events of May 3rd 2016." *See* ECF No. 23.

The magistrate judge issued her report and recommendation on July 29, 2016. *See* Rep. & Rec., ECF No. 25. In her report the magistrate recommends granting Plaintiff's motion to substitute A.O. Sanborn in the place of Wickersham for the purpose of his library access claim, but *sua sponte* dismissing his claim against substituted Defendant Sanborn. She also recommends denying Plaintiff's first motion to amend as futile, and granting in part his second motion to amend. Upon finding that he was unlikely to prevail on the merits of his claim and that granting him the relief he sought was against the public interest, the magistrate judge recommends denying his motions for injunctive relief. Finally, she recommends denying Defendant Wickersham's motion to dismiss as moot.

In effect, the magistrate judge recommends granting Harris leave to amend his due process claim to add Deputies Masoya, Zaliwski, Medlow, and Dupuis as Defendants, finding that his allegations create a reasonable inference that those deputies violated his due process rights by denying him access to the jail law library. She also recommends denying Harris leave to amend his complaint to add a claim that he was denied materials, services and diet required by his religion. The magistrate judge reasons that Harris has not set forth any particularized facts in support of that claim. The magistrate judge recommends granting Harris leave to amend his complaint to add a claim that he was subject to excessive force in violation of the Eighth Amendment pursuant to § 1983 based on the May 3, 2016 incident. She reasons that he should only be granted leave to add Deputies Zaliwsky, Medlow, Marszhke, Cooney, Montgomery, Madaj, Duda, and Sergeant Stanley as Defendants to that claim, as they are the only proposed defendants that were allegedly present during the assault. Finally, the magistrate judge

recommends denying Harris's request to add Wickersham as a Defendant to that claim, finding that Harris has not alleged any way in which Wickersham was involved in the May 3 incident.

**II.**

Pursuant to Federal Rule of Civil Procedure 72, a party may object to and seek review of a magistrate judge's report and recommendation. See Fed. R. Civ. P. 72(b)(2). Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted). If objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). De novo review requires at least a review of the evidence before the magistrate judge; the Court may not act solely on the basis of a magistrate judge's report and recommendation. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the magistrate judge. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002).

Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id.* (internal quotation marks and citation omitted). A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge. *See VanDiver v. Martin*, 304 F.Supp.2d 934, 937 (E.D.Mich.2004). An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the

district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrate's Act." *Id*.

Plaintiff Harris raises three objections to the magistrate judge's report and recommendation. *See* ECF No. 26. Each objection will now be addressed in turn.

**A.**

In his first objection, Plaintiff Harris argues that the Magistrate Judge erred in recommending dismissal of Defendant Wickersham and A.O. Sanborn. In contrast to his earlier motions seeking to terminate or suspend Wickersham as a defendant, Harris now argues that both Sheriff Wickersham and A.O. Sanborn are proper defendants. Harris does not allege that Wickersham or Sanborn were in any way personally involved with either his limited law library access or the May 3 assault. Instead, he argues that they knew or should have known about the deprivation of his rights, that they had ultimate responsibility for the jail staff and law library, and that he believes Wickersham was involved in the cover-up of his assault.

**i.**

Harris has not stated a claim against either Sanborn or Wickersham in their personal capacities. Harris has not alleged any personal involvement with Sanborn, and in fact states that he did not know she existed until he filed his motion to substitute on April 11, 2016. While Harris claims to believe that Wickersham was somehow involved in the orchestration or cover-up of the May 3 incident, Harris has presented no factual explanation for summary accusation. He has therefore failed to state a claim against Wickersham in his individual capacity.

**ii.**

While not pled expressly as such, and not discussed by the magistrate judge, Harris apparently seeks to add a § 1983 claim against the jail policymaker in his or her official capacity,

but is confused about who has final policymaking authority over the jail. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

*Id.* To establish a claim under § 1983 a "plaintiff must establish both that 1) []he was deprived of a right secured by the Constitution or laws of the United States and 2) the deprivation was caused by a person acting under color of state law." *Redding v. St. Edward*, 241 F.3d 530, 532 (6th Cir. 2001).

A suit against an individual in his official capacity is equivalent to a suit brought against the governmental entity: in this case, Macomb County. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). It is the court's task to identify the officials or governmental bodies which speak with final policymaking authority for the local government in a particular area or on a particular issue. *McMillian v. Monroe County*, 520 U.S. 781, 784–85, (1997). In matters pertaining to the conditions of the jail, the sheriff is the policymaker for the county. *See* MICH. COMP. LAWS § 51.75 (sheriff has the "charge and custody" of the jails in his county); *See* MICH. COMP. LAWS § 51.281 (sheriff prescribes rules and regulations for conduct of prisoners); *Kroes v. Smith*, 540 F.Supp. 1295, 1298 (E.D. Mich. 1982) (the sheriff of "a given county is the only official with direct control over the duties, responsibilities, and methods of operation of deputy sheriffs" and thus, the sheriff "establishes the policies and customs described in *Monell*").

The appropriate person to be named in an official capacity would thus be Wickersham, not A.O. Sanborn. Harris's objections will be overruled to the extent he objects to the magistrate judge's recommendations that he be denied leave to add Sanborn to this action.

The next inquiry is whether Plaintiff's complaint and proposed amendments allege that Sheriff Wickersham has established any policy or custom which caused Harris to be deprived of a constitutional right. In *Monell*, the Supreme Court held that municipalities are "persons" subject to suit under 42 U.S.C.A. § 1983. *Monell*, 436 U.S. at 700-01. Such a claim may only be brought when "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id*. at 694. The Sixth Circuit has instructed that, to satisfy the requirements of *Monell*, a plaintiff "must identify the policy, connect the policy to the [governmental entity] itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dept.*, 8 F.3d 358, 364 (6th Cir. 1993) (internal citations and quotations omitted).

Plaintiff Harris's complaint and his motions to amend are devoid of allegations that any Macomb County Jail policy or custom led to the denial of his access to the law library. Nor has Plaintiff alleged any specific action taken by Sheriff Wickersham personally that led to the alleged deprivations of his rights in this regard. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 482–83, 106 (1986). To the extent that Harris argues that the county should be held liable for the actions of his subordinates, his claim is without merit, because the County cannot be held vicariously liable for the actions of others. *See Monell*, 436 U.S. at 69 ("a municipality cannot be held liable solely because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory."). For these reasons, Harris will not be

allowed to amend his complaint to add a *Monell* claim against Wickersham in his official capacity related to his allegations about being denied access to the law library.

In contrast, Harris has identified jail policies and customs that purportedly led to the May 3 incident. Harris alleges that the incident occurred due to a jail custom of violence towards black prisoners. He also alleges that the incident occurred as a result of poor training. The Supreme Court has specifically held that a city can be liable under § 1983 for inadequate training of its employees. *See City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989). As a matter of law, "[o]nly where a failure to train reflects a 'deliberate' or 'conscious' choice by a municipality – a 'policy' as defined by our prior cases – can a city be liable for such a failure under § 1983." *Id*. at 388-89. The Court further instructed that liability may arise in cases where "in light of the duties assigned to specific officers or employees the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need." *Id*. at 390. The Sixth Circuit has instructed that a plaintiff must prove three distinct facts to proceed on a § 1983 claim based on inadequate training: (1) that a training program is inadequate to the tasks that the officers must perform; (2) that the inadequacy is the result of the city's deliberate indifference; and (3) that the inadequacy is closely related to or actually caused the plaintiff's injury. *See Alman v. Reed*, 703 F.3d 887, 903 (6th Cir. 2013)

Because Harris has identified a policy or custom that allegedly caused his injuries on May 3, 2016, and because he has alleged deliberate indifference, he will permitted to amend his complaint to state a claim against Sheriff Wickersham in his official capacity. Harris's objections will therefore be sustained in part.

**B.**

Harris's second objection is not particularly focused. Instead, it consists of allegations related to the denial of law materials, the cold temperature in his cell, and religious harassment. With regard to the allegations related to the denial of access to law materials, Harris is being granted leave to state a § 1983 claim against Deputies Masoya, Zaliwski, Medlow, and Dupuis related to that denial. To the extent the allegations in his second objection relate to his claims against those Defendants, he may plead them in his amended complaint.

Harris's allegations about his cell temperature are irrelevant to this action, and his objection will be overruled in this regard. Harris has not stated any claim related to the jail temperature in his complaint nor has he sought to add such a claim through any of his motions to amend. Even if his allegations were relevant they would be disregarded, as issues raised for first time in objections to magistrate judge's report and recommendation are deemed waived. *United States v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998).

The allegations of religious harassment set forth in Harris's second objection are related to a separate case filed by Harris, *Harris v. Malek*, Case No. 16-cv-10755 (March 1, 2016). Because Harris has already raised those claims in a separate action, they will be disregarded for the purpose of this action.

In his second objection Harris also sets forth allegations related to the May 3 incident. In her report, the magistrate judge recommends allowing Harris to amend his complaint to add a claim related to that incident against Deputies Zaliwsky, Medlow, Marszhke, Cooney, Montgomery, Madaj, Duda, and Sergeant Stanley. To the extent he again argues that he should be granted leave to add Sheriff Wickersham as a defendant, his objection has already been sustained in part above. To the extent he seeks to add additional parties or additional claims, his

request will be denied because Harris may not seek new affirmative relief in an objection, and must file a motion to be addressed in the first instance by the magistrate judge.

### III.

Accordingly, it is **ORDERED** that Plaintiff Harris's objections, ECF No. 26, are **SUSTAINED IN PART AND OVERRULED IN PART**.

It is further **ORDERED** that the magistrate judge's report and recommendation, ECF No. 25, is **ADOPTED IN PART AND REJECTED IN PART**.

It is further **ORDERED** that Plaintiff Harris's motion to substitute, ECF No. 14, is **GRANTED**, and A.O. Sanborn is **SUBSTITUTED** in the place of Defendant Wickersham.

It is further **ORDERED** that Plaintiff Harris's claim against A.O. Sanborn is sua sponte **DISMISSED**.

It if further **ORDERED** that Plaintiff Harris's first motion to amend, ECF No. 15, is **DENIED**.

It is further **ORDERED** that Plaintiff Harris's second motion to amend, ECF No. 24, is **GRANTED IN PART AND DENIED IN PART**. Plaintiff Harris is **GRANTED LEAVE** to amend his complaint to state the following claims: (1) A § 1983 claim against Deputies Masoya, Zaliwski, Medlow, and Dupuis for limiting his access to the law library in violation his constitutional rights; and (2) A § 1983 claim against Deputies Zaliwsky, Medlow, Marszhke, Cooney, Montgomery, Madaj, Duda, and Sergeant Stanley, as well as against Sheriff Wickersham in his official capacity, for excessive force in violation of the Eighth Amendment. If Harris seeks to add any additional claims or parties, he must first obtain leave of the Court.

It is further **ORDERED** that Plaintiff Harris is **DIRECTED** to file his amended complaint on or before **September 21, 2016.**

- 13 -

It is further **ORDERED** that Harris's motions for preliminary injunctive relief, ECF Nos. 16, 17, 18, 23 are **DENIED.**

It is further **ORDERED** that Defendant Wickersham's motion to dismiss, ECF No. 10, is **DENIED as moot.**

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: August 30, 2016

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 30, 2016.

                                      s/Michael A. Sian  
                                      MICHAEL A. SIAN, Case Manager