UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CHRISTOPHER HARRIS, II,

    *Plaintiff*,                                CASE NO. 16-CV-10778

v.                                         DISTRICT JUDGE THOMAS L. LUDINGTON
                                            MAGISTRATE JUDGE PATRICIA T. MORRIS

A.O. SANBORN,

    *Defendant*.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
## TO DISMISS FOR FAILURE TO PROSECUTE

**I.    RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that Harris' complaint (Doc. 1) be **DISMISSED WITH PREJUDICE** for failure to prosecute pursuant to Fed. R. Civ. P. 41(b), and that Harris' other pending motions (Docs. 27, 28, 29) be **DENIED AS MOOT**.

**II.    REPORT**

    **A.    Background**

Plaintiff Christopher Harris, II is a state prisoner who was formerly incarcerated at the Macomb County Jail in Mount Clemens, Michigan. On March 1, 2016, Plaintiff filed a *pro se* civil rights complaint apparently under 42 U.S.C. § 1983, alleging that his constitutional right to due process was violated by the denial of access to the courts "due to ineffective and insufficient legal materials," and that his rights under the Eighth Amendment were violated by certain acts of cruel and unusual punishment. (Doc. 1, at PGID 3).

On March 31, 2016, Defendant filed a motion to dismiss, arguing that Plaintiff's complaint fails to state a claim. (Doc. 10). Plaintiff thereafter filed numerous motions,

including three motions to amend, and four motions for injunctive relief. (Docs. 14, 15, 16, 17, 18, 23, 24).

On July 29, 2016, I issued a report and recommendation that Harris be granted leave to amend insofar as he sought to remove Defendant Wickersham and replace Operations Administrator Sanborn in his place; I also recommended that Harris' claims against Sanborn be dismissed sua sponte. (Docs. 14, 25). I further recommended that Harris's motion to add Sanborn, along with seven named and various unnamed officers be denied. (Docs. 15, 25). I also recommended that Harris' motion be granted insofar as he sought to tack onto his complaint claims under the Eighth Amendment, and to add Masoya, Zaliwski, Medlow, Dupuis, Marszhke, Cooney, Montgomery, Mada J, Duda, and Stanley as defendants, but denied insofar as he wishes to add allegations that he was denied certain religious rights. (Docs. 24, 25).

On August 30, 2016, District Judge Ludington issued an order adopting in part my recommendation. (Doc. 30). He ordered that Harris be permitted to substitute Sanborn for Wickersham, but also ordered that Harris' claims against Sanborn were dismissed sua sponte. (*Id*. at 12). Further, he ordered that Harris' motion to add Sanborn and other named and unnamed defendants was denied. (*Id*.). He also ordered that Harris was granted leave to amend his complaint to set forth a claim regarding law library access as against Zaliwsky, Medlow, Marszhke, Cooney, Montgomery, Madaj, Duda, Stanley, and Wickersham. (*Id*.).

On November 4, 2016, Harris filed a motion to appoint counsel "at no cost . . . for future motions, litigations [sic] representation and court process overviews." (Doc. 33). He

2

further "pray[ed] this action be immediately expeditious [sic] as several timely filings are still needed." (*Id.*). On November 7, 2016, I denied that motion. (Doc. 34).

On November 14, 2016, the Court's order to show cause was returned as undeliverable by the Macomb County Jail, with the word "<u>Released</u>" written across the front of the envelope. (Doc. 35). Because Harris did not receive the order to show cause, on November 16, 2016, the Court issued an order updating Harris' address to a private residence in Detroit, and once again ordering him to show cause why his case should not be dismissed for failure to file an amended complaint. (Doc. 36). Harris was given until November 28, 2016, to comply with the Court's renewed order to show cause. (*Id.*).

In sum, Harris's complaint and proposed amendments raise claims involving access to the prison law library, excessive force in violation of the Eighth Amendment, violations of the Due Process Clause of the Fourteenth Amendment, along with alleged policies and customs permitting or covering up these violations. However, none of these claims survived following District Judge Ludington's August 30, 2016 order. (Doc. 30). Harris was ordered to file an amended complaint by November 28, 2016. (Doc. 36). That date is well past, yet Harris has failed to provide an amended complaint.

### B. Failure to Prosecute

Rule 41(b) gives a court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." Fed R. Civ. P. 41(b). "This measure is available to the district court as a tool to effect 'management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties.'" *Knoll*

*v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999) (quoting *Matter of Sanction of Baker*, 744 F.2d 1438, 1441 (10th Cir. 1984)). "Not only may a district court dismiss for want of prosecution upon motion of a defendant, but it may also sua sponte dismiss an action whenever necessary to 'achieve the orderly and expeditious disposition of cases.'" *Anthony v. Marion Co. Gen. Hosp.*, 617 F.2d 1164, 1167 (5th Cir. 1980) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 631 (1962)). When deciding whether to dismiss a case for want of prosecution, courts are guided by competing concerns:

> On the one hand, there is the court's need to manage its docket, the public's interest in expeditious resolution of litigation, and the risk of prejudice to a defendant because the plaintiff has failed to actively pursue its claims . . . . On the other hand is the policy which favors disposition of cases on their merits.

*Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993) (citation omitted).

Federal courts may sua sponte dismiss a complaint where the plaintiff fails to prosecute or comply with the court's orders under Federal Rule of Civil Procedure 41(b). *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–32 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." Id. Courts in this district regularly dismiss complaints lodged by pro se plaintiffs who fail to abide by court orders. *See Sabaugh v. Comm'r of Soc. Sec.*, No. 13–CV–14614, 2014 WL 1908424, at *1 (E.D. Mich. May 13, 2014) (Ludington, J.) (adopting recommendation to dismiss a pro se plaintiff's complaint where the plaintiff failed to respond to orders to show cause); *Castleberry v. Trans Union, LLC*, No. 12–CV–13346, 2013 WL 6480827, at *1 (E.D. Mich. Dec. 10, 2013) (Ludington, J.) (same); *Cook v. Taxak*, No. 13–

CV–10821, 2013 WL 5372868, at *1 (E.D. Mich. Sept. 25, 2013) (same); *Luckett v. Bayoneto*, No. 11–CV–11107, 2013 WL 5203851, at *1 (E.D. Mich. Sept. 16, 2013) (same).

The Sixth Circuit is guided by four factors in determining whether a case should be dismissed for want of prosecution pursuant to Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal of the action.

*Saulsberry v. Holloway*, 622 Fed. Appx. 542, 545 (6th Cir. 2015) (quotation omitted).

In this case, Harris was ordered to file his amended complaint "on or before September 21, 2016." (Doc. 30 at 12). Following the return of that order as undeliverable, Harris was ordered on November 16, 2016, to show cause by why this matter should not be recommended for dismissal by November 28, 2016. (Doc. 36). The time for responding to that order has passed. I next turn to the Sixth Circuit's four factor test.

Given his repeated filing of motions, objections, and other documents in this matter, including his November 4, 2016, motion to appoint counsel, which was filed after his release from custody (Doc. 33), Harris clearly possesses the ability to respond to the Court's orders. Nevertheless, for some reason, he has chosen to ignore the Court's November 16, 2016, order to show cause. The first factor thus weighs in favor of dismissal.

As to the second factor, Harris has repeatedly delayed pursuing his claims. Harris voluntarily brought these claims, at a time of his choosing, and ought to be prepared to actively pursue them. Harris' failure to amend his complaint has left this matter in limbo, with

numerous prison employees potentially exposed to legal liability, but without a means of responding to Harris' (as of yet unamended) claims. As evidence of this Defendant Wickersham found it necessary to file a non-party response "in an over-abundance of caution to avoid the appearance that Plaintiff's motion is being ignored." (Doc. 31 at 1). The defendants in this matter (both potential and actual) deserve expeditious resolution of Harris' (potential) claims against them, yet he has chosen to delay without justification. The second factor thus also weighs in favor of dismissal.

    Third, Harris was indeed warned on November 16, 2016, that failure to respond to the Court's order to show cause by November 28, 2016 could result in dismissal. (Doc. 36). No response has been filed; thus, the third factor also weighs in favor of dismissal.

    Fourth, except for his November 4, 2016, motion to appoint counsel (Doc. 33), Harris has been absent from this case for several months. It is therefore unclear that a sanction less than dismissal would have any impact. The fourth factor therefore weighs in favor of dismissal. *See Morley v. Comm'r of Soc. Sec.*, No. 12–14653, 2013 WL 2051326, at *1 (E.D. Mich. May 14, 2013) (Holding that where a pro se petitioner "effectively abandon[s] the case ... dismissal is the only appropriate remedy available."). In light of these four factors, I find that this matter is suitable for dismissal under Rule 41(b).

### E. Conclusion

    I therefore recommend that Plaintiff's complaint (Doc. 1) be dismissed for failure to prosecute pursuant to Fed. R. Civ. P 41(b), and that Plaintiff's other pending motions (Docs. 27, 28, 29) be denied as moot.

## III. REVIEW

Rule 72(b)(2) of the Federal Rules of Civil Procedure states that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 155; *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). According to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  December 5, 2016　　　　　　　　　S/ PATRICIA T. MORRIS
　　　　　　　　　　　　　　　　　　　　　　Patricia T. Morris
　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

## **CERTIFICATION**

I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record.  A copy was also sent via First Class Mail to Christopher Harris, II at 13287 Robson, Detroit, MI 48227.

Date: December 5, 2016　　　　　　　　　By s/Kristen Castaneda
　　　　　　　　　　　　　　　　　　　　　　Case Manager